IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MARLA HOLCOMB-JONES, REBA LACKEY, STEVEN JOEL PARTAIN, SHARON ANN RAWLS, and PAMELA ROBERTS, on behalf of themselves and all others similarly-situated,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>     **Plaintiffs,**     )<br>)<br>**v.**     )<br>)<br>**STONEMOR PARTNERS L.P., STONEMOR OPERATING, LLC, and STONEMOR GP LLC,**     )<br>)<br>)<br>)<br>     **Defendants.**     ) | CASE NO. _____ |

## COLLECTIVE/CLASS ACTION COMPLAINT

COME NOW, Marla Holcomb-Jones, Reba Lackey, Steven Joel Partain, Sharon Ann Rawls and Pamela Roberts, on behalf of themselves and all others situated ("Plaintiffs"), file their Complaint against StoneMor Partners LP, StoneMor Operating LLC, and StoneMor GP LLC (collectively "StoneMor"), and in support, state as follows:

### INTRODUCTION

1.    StoneMor is the biggest player in the deathcare industry in the world. It sells products, real property and services through its 316 cemeteries, and its more than 100 funeral homes, located in 27 states.

2. This is a nationwide action which yet again challenges Defendants' continuing and intentional practice of failing to pay Plaintiffs and other similarly-situated employees regular and overtime wages earned by them and owed to them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219

3. In 2014, these Defendants were sued in federal Court in Ohio for the exact same conduct as is laid out below. District Judge James S. Gwin ordered that Notice be sent to the all employees of Stonemor from June 15, 2012.

4. Soon after that Order was signed, the Parties filed a motion to approve their settlement. In the settlement, the Parties represented to the Court and agreed that "Defendants have implemented new policies and procedures to ensure that their employees are recording and reporting accurate hours to company. These measures include a new centralized payroll system and additional training by Defendants' management regarding Defendants' timekeeping procedures."

5. Plaintiffs never received notice of the settlement. Further, instead of paying its employees lawfully, Defendants continued to instruct its employees to change any time turned in to only reflect forty (40) hours per week. This conduct constitutes an intentional violation of the FAIR LABOR STANDARDS ACT.

## JURISDICTION AND VENUE

6. This action arises under, *inter alia*, the FAIR LABOR STANDARDS ACT of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b)

(the "FLSA.")

7. This Court maintains Federal question subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

8. Venue is proper in this Court because Defendants conduct business throughout this District and Division; Plaintiffs worked in this District and Division and a substantial part of the actions and unlawful practices alleged herein have been committed within this District and Division.

## PARTIES

9. Plaintiff Marla Holcomb-Jones is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Alabama, and a citizen of the United States of America. Plaintiff Holcomb-Jones was employed by Defendants as a "family counselor" and/or a "family advisor."

10. Plaintiff Reba Lackey is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Alabama, and a citizen of the United States of America. Plaintiff Lackey was employed by Defendants as a "family counselor" and/or a "family advisor."

11. Plaintiff Steven Joel Partain is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Alabama, and a citizen of the United States of America. Plaintiff Partain was employed by Defendants as a "family counselor" and/or a "family advisor."

12. Plaintiff Sharon Ann Rawls is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Alabama, and a citizen of the United States of America. Plaintiff Rawls was employed by Defendants as a "family counselor" and/or a "family advisor."

13. Plaintiff Pamela Roberts is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Alabama, and a citizen of the United States of America. Plaintiff Roberts was employed by Defendants as a "family counselor" and/or a "family advisor."

14. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

15. At all times relevant herein, Plaintiffs and all similarly-situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. Defendant StoneMor Partners, LP was and is a limited partnership formed under the laws of the State of Delaware with its principal place of business in Pennsylvania.

17. Defendant StoneMor GP, LLC is a limited liability company formed under the laws of the state of Delaware with its principal place of business in Pennsylvania.

18. Defendant StoneMor Operating, LLC is a limited liability company

formed under the laws of the State of Delaware with its principal place of business located in Pennsylvania.

19. At all times relevant herein, Defendants conducted business activities throughout Alabama as well as twenty-seven other states and Puerto Rico.

20. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

21. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

22. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

23. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

24. Defendants own and operate over 300 cemeteries and 100 funeral homes in 27 states including Alabama and in Puerto Rico.

25. Defendants sell cemetery products including but not limited to: burial lots, lawn and mausoleum crypts, burial vaults, urns, caskets, memorials, and services to provide for the installation of the cemetery merchandise.

26. Plaintiffs worked for Defendants in the years 2014 and 2015 and

earned hourly wages and/or commissions for performing certain job duties, including but not limited to selling Defendants' products and services.

27. Marla Holcomb-Jones, Reba Lackey, Steven Joel Partain, Sharon Ann Rawls and Pamela Roberts were employed by Defendants at various locations and at all times relevant to this Complaint, were employees serving customers, and doing other non-exempt jobs.

28. Plaintiffs Holcomb-Jones, Lackey, Partain, Rawls and Roberts did not, and any time, function as managers or have any input or decision-making authority regarding paying employees.

29. Marla Holcomb-Jones, Reba Lackey, Steven Joel Partain, Sharon Ann Rawls and Pamela Roberts were employed by Defendants at various locations.

30. As per the allegations *infra*, Plaintiffs have standing to prosecute this action.

## Unpaid Wages / Non-Commission Weeks

31. For weeks in which Defendants paid Plaintiffs and other similarly-situated employees only an hourly wage, Defendants failed to pay Plaintiffs and similarly-situated employees overtime for hours worked over forty (40) per workweek.

32. Plaintiffs regularly worked hours in excess of forty (40) hours of week for Defendants during their employment. However, Plaintiffs were instructed to

never allow time sheets to reflect hours worked over forty (40) hours per week.

33. For weeks in which Defendants paid Plaintiff and other similarly-situated employees only an hourly wage, Defendants failed to include Plaintiff's and other similarly-situated employees' earned commissions in calculating their regular rates for overtime purposes as required by 29 C.F.R. § 778.117 *et seq.*

34. As stated above, Defendants have a history of this type of practice of nonpayment of full wages owed to their employees. On November 14, 2014, an FLSA complaint was filed in the U.S. District Court of Ohio, Cleveland Division, *Brandi Brodzenski, et al. v. StoneMor Partners LP, et al.;* 1:14-cv-02517-JG, related to the same types of practices by Defendants as in this matter.

35. An agreement was reached on October 23, 2015 and the parties filed a Joint Settlement Agreement wherein it was stated as follows:

> [S]ince the filing of this action, Defendants have implemented new policies and procedures to ensure that their employees are recording and reporting accurate hours to the company. These measures include a new centralized payroll system and additional training by Defendants' management regarding Defendants' timekeeping procedures. *Brodzenski v. Stonemor Partners, L.P.*, No. 1:14-CV-2517 Doc. 120 *3 (E.D.N.D. Ohio June 12, 2015).

36. On June 12, 2015, Judge James Gwin in the Brodzenski case issued an Order that notices be sent to individuals who worked at Stonemor within three years of June 15, 2015.

37. Plaintiffs in the above-styled matter worked for Defendants in 2014

and 2015, but never received a notice from Defendants requesting them to opt in the earlier case and were not allowed an opportunity to opt in before the matter was resolved on October 23, 2015.

### Failure to Keep Accurate Records

38.     Defendants failed to make, keep, and preserve records of all hours worked by Plaintiffs and other similarly-situated employees.

39.     As a result of Defendants' record-keeping practices, much of the work performed by Plaintiffs and other similarly-situated employees is unrecorded in Defendants' time and earnings records.

### Commission Weeks

40.     Plaintiffs worked for Defendants in sales of products and services (burial plots, caskets, funeral services, etc.) to customers.

41.     When Plaintiffs entered into agreements for employment with Defendants, Defendants agreed to pay Plaintiffs a certain percentage, depending on the service or product, from each sale as commission.

42.     In some weeks, Defendants paid Plaintiffs and similarly-situated employees only their earned commissions for that workweek, and no hourly wage.

43.     For weeks in which Defendants paid Plaintiffs and other similarly-situated employees only received commissions, Defendants did not pay Plaintiff and other similarly-situated employees overtime at a rate of one and one-half times

their respective regular rates for all hours worked over forty in that workweek.

44. For weeks in which Defendants paid Plaintiffs and other similarly-situated employees only their commissions, Defendants failed to include Plaintiffs' and other similarly-situated employees' commissions in calculating their regular rates for overtime purposes as required by 29 C.F.R. § 778.117 et seq.

### Claims under the FAIR LABOR STANDARDS ACT

45. Plaintiffs brings this action on behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

46. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, is composed of and defined as follows:

> All former and current family counselors and/or family advisors employed by StoneMor Partners LP, StoneMor Operating LLC, or StoneMor GP LLC between August, 2014 and the present.

47. **Numerosity:** Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least over 500 persons.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid regular and overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to

Plaintiffs, numerous current and former employees are similarly-situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and is acting on behalf of their interests as well as her own interests in bringing this action.

49. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

50. **Commonality & Predominance**: Common questions to answer on behalf of all class members include, but are not limited to, the following:

   a. Whether Defendants failed to pay Plaintiffs and other similarly-situated employees' their full wages owed to them under the FLSA;

   b. Whether Defendants failed to pay commissions properly as required pursuant to ALA. CODE Section 8-24-2;

   c. Whether Plaintiffs and the Class are entitled to declaratory determination that Defendants' actions are illegal; and

   d. Whether Defendants should be required to pay the putative Class Members compensatory damages.

51. **Typicality:** Plaintiffs' claims are typical of the claims that a Class member could assert for their unpaid wages and/or unpaid commissions.

52. **Adequacy:** Plaintiffs do not have any conflicts with the proposed Classes and there are no defenses (to Plaintiffs' knowledge) that are unique to Plaintiffs' circumstances. Plaintiffs have also retained counsel who are well qualified and experienced in prosecuting class actions.

### CAUSES OF ACTION

### Count I

### Fair Labor Standards Act Violations

53. Plaintiffs repeat and re-allege paragraphs 1 through 52.

54. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees' at least the minimum wage for all hours worked up to forty (40) hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

55. Defendants' practice and policy of not paying Plaintiffs and other similarly- situated employees' wages at their regular rates of pay for all hours worked up to 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

56. Defendants' practice and policy of not paying Plaintiffs and other similarly- situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

57. Defendants failure to include Plaintiffs' and other similarly-situated employees' earned commissions in calculating their regular rates for overtime

purposes violated the FLSA, 29 U.S.C. §§ 201-219.

58. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

59. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

60. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## Count II

## Injunctive Relief

61. Plaintiffs repeat and re-allege paragraphs 1 through 52.

62. Despite having assured a previous Court that they had implemented "new policies and procedures to ensure that their employees are recording and reporting accurate hours to company," Defendants failed to do so.

63. Plaintiff requests relief in the form of a permanent injunction directing Defendants to pay hourly remuneration properly and to implement new policies and procedures to ensure that their employees are recording and reporting accurate hours to company.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs and all those members of the Putative Class similarly-situated collectively pray that this Honorable Court:

A. Accept jurisdiction of this matter and permit this litigation to proceed as a collective action under the FLSA;

B. Order prompt Notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the class they represent actual damages for unpaid regular wage and overtime compensation;

D. Award Plaintiffs and the class they represent liquidated damages in an amount equal to the unpaid regular wage and overtime compensation found due to Plaintiffs and the class;

E. Enter an order permitting claims for injunctive, equitable and/or monetary relief to proceed as a class action under FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) and/or (b)(3) to the extent necessary to enforce the requested injunctive relief;

F. Award Plaintiffs and the class compensatory and/or punitive damages for the conduct described *supra*;

G. Award Plaintiffs and the class(es) they represent pre- and post-judgment interest at the statutory rate;

H. Enter an injunction enjoining Defendants from the wrongful and/or illegal conduct described *supra*;

I. Enter an injunction directing Defendants' compliance with Settlement Decree, the FLSA, and this Court's Orders and Decrees;

J. Award Plaintiff and the class(es) they represent pre- and post-judgment interest at the highest rates allowed by law;

K. Award Plaintiff and the class(es) they represent attorneys' fees, costs, and disbursements; and

L. Award Plaintiff and the class they represent further and additional relief, including all equitable relief, as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues triable at law.

Respectfully submitted this the 12th day of September, 2017.

                        s/ Eric J. Artrip
                        Teri Ryder Mastando (ASB-4507-E53T)
                        Eric J. Artrip (ASB-9673-I68E)
                        MASTANDO & ARTRIP, LLC
                        *Attorneys for Plaintiff*
                        301 Washington St., Suite 302
                        Huntsville, Alabama 35801
                        Phone:    (256) 532-2222
                        Fax:       (256) 513-7489
                        teri@mastandoartrip.com
                        artrip@mastandoartrip.com

                        s/ John A. Wilmer
                        John A. Wilmer (ASB-7110-R73J)
                        Walter A. Kelley (ASB-8687-L54W)
                        WILMER & LEE, P.A.
                        100 Washington St., Suite 100
                        Huntsville, Alabama 35801
                        Phone:    (256) 533-0202
                        Fax:       (256) 533-0302
                        jwilmer@wilmerlee.com
                        wkelley@wilmerlee.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

StoneMor Partners, L.P.
c/o CSC Lawyers Incorporating Srv Inc
150 S Perry Street
Montgomery, Alabama 36104

Stonemor Operating, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S Perry Street
Montgomery, Alabama 36104

Stonemor GP LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S Perry Street
Montgomery, Alabama 36104