UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARLA HOLCOMB-JONES, ) | |
| REBA LACKEY, STEVEN JOEL ) | |
| PARTAIN, SHARON ANN ) | |
| RAWLS, and PAMELA ) | |
| ROBERTS, on behalf of themselves ) | |
| and all others similarly-situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 4:17-CV-01555-ACA |
| ) | |
| STONEMOR PARTNERS, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant StoneMor Partners, L.P.'s (StoneMor) motion to dismiss. (Doc. 31). Before this motion, StoneMor filed a motion to dismiss (doc. 6), which became moot when the court (Hopkins, J.) granted plaintiffs leave to amend their complaint. (Doc. 18). Plaintiffs amended their complaint and StoneMor filed another motion to dismiss. (Docs. 21, 24). StoneMor's second motion to dismiss also became moot when plaintiffs were granted leave to amend their complaint for a second time. (Doc. 29). Plaintiffs filed a second amended complaint and it is StoneMor's motion to dismiss that complaint, its third motion to dismiss overall, which is now before the court. (Docs. 6, 24, 30, 31). StoneMor seeks dismissal of unpaid minimum wage and overtime claims

brought by plaintiffs Marla Holcomb-Jones, Reba Lackey, Steven Joel Partain, Sharon Ann Rawls, and Pamela Roberts (collectively, "Plaintiffs") on behalf of themselves and a putative class of similarly situated employees. According to the plaintiffs, StoneMor violated the Fair Labor Standards Act ("FLSA") by failing to pay them wages that they are due.

For the reasons set out in this opinion, the court **GRANTS** StoneMor's motion to dismiss because plaintiffs' allegations are factually inadequate to make their FLSA claims plausible.

**STANDARD OF REVIEW**

A well-pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Harris,* 572 F.3d at 71–72. To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937; *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955. And in evaluating whether a complaint states a plausible claim, the court draws upon "'judicial experience and common sense' to determine whether the factual allegations, which are assumed to be true, 'plausibly give rise to an

entitlement of relief." *Landers v. Quality Communications, Inc.* 771 F.Ed 638, 641, citing *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)). Although the court must accept well-pleaded facts as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## II. FACTUAL ALLEGATIONS

StoneMor, a national provider of deathcare services, owns and operates cemeteries and funeral homes across the United States and in Alabama. (Doc. 30, ¶ 22). Part of its operation is in sales, selling various cemetery products and services. (Doc. 30, ¶ 23). In 2014 and 2015, plaintiffs were a part of StoneMor's sales operation, employed as so-called "family counselors" and/or "family advisors." (Doc. 30, ¶ 9-13, 24-25). Plaintiffs worked as family counselors and family advisors at different locations, but were all indisputably employed by StoneMor in non-exempt jobs at all times relevant to the complaint.

Working as family counselors and advisors, plaintiffs were paid a commission on their sales. (*Id.* ¶ 29). The sales commission was the only compensation paid to

plaintiffs if, in a given week, they earned enough commission to exceed payment of the equivalent minimum wage requirement for a forty-hour week. (*Id.*). If the commission did not satisfy the forty-hour minimum wage requirement, plaintiffs received commissions plus additional compensation to meet the FLSA's minimum wage requirement, but not to exceed the minimum wage requirement for a forty-hour week. (*Id.*). Plaintiffs were regularly required to work more than forty hours a week, irrespective of whether their pay was generated from commission or minimum wage. (*Id.* ¶ 30). And they were instructed not to record working more than forty hours per workweek even when required to do so regularly. (*Id.*). Individually, the plaintiffs allege the following:

- Ms. Holcomb-Jones alleges that she "worked more than 40 hours per week [sic] on a regular basis but was told not to record more than 40 hours and was therefore not paid either minimum wage or overtime for every hour she worked. (Doc. 30, ¶ 32).

- Ms. Reba Lackey alleges that she "worked the six days the last week of March (Monday through Saturday and was then called in Sunday afternoon to meet with a family." She also alleges that during "the first week of April, 2016, she worked (Monday through Saturday,) and was called in again that Sunday. During the second week of April, 2016, she worked Monday through Saturday, and was told that she was going to be on call that Sunday. Ms. Lackey was not paid for any hours in excess of 40 either week." She was required to watch a video on overtime pay and sign a document stating that overtime pay would "not be paid if not preapproved by management." And "many times" she worked until 8:00 P.M. for call nights on Tuesdays and Thursdays. She also alleges that if she worked through lunch, 30 minutes was deducted from her time "whether she received lunch or worked through lunch doing non-exempt work." (Doc. 30, ¶¶ 34-37).

- Mr. Steven Joel Partain alleges he "worked more than 40 hours per week on numerous occasions but was not paid overtime compensation." (Doc. 30, ¶ 38).

- Ms. Sharon Ann Rawls alleges that on "numerous occasions" she worked "more than 40 hours per week but she did not receive overtime compensation." (Doc. 30, ¶ 39).

- Ms. Pamela Roberts alleges that she was "required to work on Saturday and Sunday after working a full workweek but was only allowed to record that she had worked forty hours that week and therefore not paid overtime compensation." (Doc. 30, ¶ 40).

As a result of StoneMor's practices and policies, plaintiffs allege that they and other similarly-situated employees have been damaged by not receiving wages due to them under the FLSA. (Doc. 30).

## III. ANALYSIS

### A. Recordkeeping Allegations

The second amended complaint contains allegations about StoneMor's recordkeeping. (Doc. 30, ¶¶ 48, 49). StoneMor defends those allegations on grounds that the FLSA does not create a private right of action for recordkeeping violations and therefore plaintiffs have failed to state a claim. (Doc. 32, p. 10-14). And they cite case law to support their position. *Id.* The court need not reach the issue here, however, because plaintiffs expressly disavow making an FLSA recordkeeping claim.[1] On this concession, the court understands the recordkeeping allegations as

---

[1] Plaintiffs concede that the "Second Amended Complaint does not reference the record keeping provisions of the FLSA in the Claims for Relief sections, and the

plaintiffs explain them – only factual allegations made in relation to the minimum wage and overtime claims that predominate their complaint. Accordingly, there is no stand-alone FLSA recordkeeping claim pled.

### B. Unpaid Minimum Wage and Overtime Claims

A prima facie case of an FLSA minimum wage violation "requires a showing that 'as a matter of just and reasonable inference . . . the wages paid to [plaintiffs] did not satisfy the requirements of the FLSA.'" *Beck v. Financial Technology Corp.*, 2017 WL 5668388, at *3 (N.D. Ala. 2017), citing *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 475 n.12 (11th Cir. 1982). And "to establish a prima facie case for unpaid overtime, a plaintiff must show that (1) the defendant employed the plaintiff; (2) the defendant is covered by the FLSA; (3) the plaintiff actually worked in excess of a 40–hour workweek; and (4) the defendant did not pay Plaintiff any overtime wages." *Id.* citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 (11th Cir. 2008). The prima facie elements for both claims concern under-compensation, either by not getting paid the minimum amount or the failure to pay a premium amount for overtime. And so, what the plaintiffs were paid and how much they worked matter.

---

Plaintiffs are clearly not seeking any separate relief (other than relief available to them for failure to pay overtime and minimum wage during workweeks) for the Defendants' failure to comply with the law." (Doc. 33, p. 15).

6

Here, the parties disagree about how specific plaintiffs must be with their factual allegations of under-compensation, each arguing for a different benchmark. The court considers these arguments with both Rule 8 and the *Twombly/Iqbal* directives in mind. Because the same analysis applies equally to both plaintiffs' minimum wage and overtime claims, the court addresses them together.

Plaintiffs have amended their complaint twice. (Docs. 21, 30). Despite amendment, the factual allegations still lag behind the claims asserted. The first amended complaint, bereft of any detail, collectively alleged that the plaintiffs "regularly worked hours in excess of forty (40) hours per week" and "were instructed to never allow time sheets to reflect hours worked over forty (40) hours per week and were not paid overtime compensation for these weeks." (Doc. 21, ¶ 32). The second amended complaint fairs only slightly better. Improving upon the first amendment, the second amendment does align factual allegations with individual plaintiffs. (Doc. 30, ¶¶ 31-40). But three of the five plaintiffs still assert only a threadbare allegation that they worked more than forty hours on a "regular basis" or on "numerous occasions." (Doc. 30, ¶¶ 32, 38, 39). As for the two plaintiffs who have alleged more than just the barebones, their allegations of weekend work after a "full workweek," night work, work for consecutive days, or work during lunchbreaks, still fall short. Critical facts about the plaintiffs' work schedules, the number of hours worked in a given workday or workweek, or the commission or

wages they were paid, are still missing from those allegations. None listed the weeks each claimed to have worked more than forty hours. Nor are there allegations that the time spent in excess of forty hours was compensable under the FLSA. And without that information, the court cannot tell if the plaintiffs actually worked more than forty hours or were underpaid. An allegation of working, after having already worked for six consecutive days, just means someone worked more than six days in a row – it does not mean, necessarily, that he or she worked more than forty hours. The court has no idea how many hours were worked each of those six days any more than it knows what a "full workweek" means. And the court will not guess at how much plaintiffs worked or were compensated.

So, despite providing some additional detail in the second amended complaint, the fact remains that the plaintiffs fail to allege a single workweek in which they actually worked in excess of forty hours. Nor does the complaint allege the amount of compensation plaintiffs received, their rates of pay, or any facts relating to the commissions received. These allegations are the same type of allegations that other courts have either found insufficient to state a plausible FLSA claim or are revealed as such when compared to allegations that courts have found sufficient.

Recently, the Eleventh Circuit examined the sufficiency of FLSA allegations at the motion to dismiss stage. *See Cooley v. HMR of Alabama,* 2018 WL 4232041

8

(11th Cir. Sept. 6, 2018). In that case, the amended complaint "list[ed] the weeks each employee claim[ed] to have worked more than 40 hours." *Cooley*, 2018 WL 4232041 at *2. Also, allegations were made about the type of compensable work the plaintiffs performed during uncompensated meal breaks. *Id.* These allegations plausibly suggested that the plaintiffs were entitled to FLSA relief. *Id.* But here, the plaintiffs' allegations are not as factually developed as in *Cooley*. Most notably, there are no allegations listing the weeks each employee claims to have worked over forty hours.

Several other circuits for the court of appeals have considered the level of detail required to state an FLSA minimum wage or unpaid overtime claim.[2] Those decisions consistently balance Rule 8(a)(2) with *Twombly* and *Iqbal*, recognizing that some factual detail is necessary to satisfy a plausibility baseline even if exacting detail is not required. *See Landers v. Quality Communications, Inc.* 771 F.3d 638, 640-41 (9th Cir. 2014); *Lundy v. Catholic Health Systems of Long Island,* 711 F.3d 106, 114 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 12-13 (1st Cir. 2012). These decisions do not presume that plaintiffs must, or even can, "plead their hours

---

[2] Plaintiffs cite to the Eleventh Circuit's unpublished opinion in *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008), which was decided prior to the *Iqbal* decision, to support their position. (Doc. 33, p. 19-25). *Labbe* holds that the FLSA does not require overly detailed allegations. *Labbe*, 319 Fed. Appx. at 764. Dismissing plaintiffs' claims here is not inconsistent with that holding as the court is not requiring overly detailed allegations to state a claim, just factually sufficient ones to support a reasonable inference that they worked more than forty hours in a given week.

9

with mathematical precision." *See e.g. DeJesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 90 (2d. Cir. 2013). But they do require "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week" and "nudge" their claims "from conceivable to plausible." *DeJesus*, 726 F.3d at 90; *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Here, it may be conceivable that plaintiffs were under-compensated if, as alleged, they regularly worked more than forty hours a week. But it's not plausible because the facts are insufficiently developed. Merely alleging that they were not paid for overtime or minimum wage is not enough for plaintiffs to state a claim. And, like the *Nakahata* case, allegations of weekend work, night work, or work during meal breaks without compensation may "raise the possibility that Plaintiffs were undercompensated . . . [but] absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief." *Nakahata,* 723 F.3d at 201. Because "it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place," plaintiffs must "draw on those resources in providing complaints with sufficiently developed factual allegations." *Dejesus,* 726 F.3d at 90. And here plaintiffs have not done so. The factual allegations are not sufficiently developed – there are no facts about the

plaintiffs' work schedule, wages, or hours worked to exceed forty in a given week, to plausibly give rise to an entitlement to relief. It's not that the complaint needs exacting allegations, just sufficient ones for this court, guided by judicial experience and common sense, to determine that it is plausible that the plaintiffs were not paid minimum wage and/or overtime. The court cannot make that determination here.

## IV. CONCLUSION

The court has liberally and freely allowed plaintiffs to amend their complaint twice. *See* Fed. R. Civ. P. 15(a)(2). But the allegations are still factually inadequate to make their FLSA claims plausible. Accordingly, the court finds further amendment futile and **GRANTS** StoneMor's motion to dismiss. The court will enter a separate order dismissing this case with prejudice.

**DONE** and **ORDERED** this October 10, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE