FILED
2019 May-16  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA – MIDDLE DIVISION**

| | |
|---|---|
| MARLA HOLCOMB-JONES, REBA LACKEY, STEVEN JOEL PARTAIN, SHARON ANN RAWLS, and PAMELA ROBERTS, on behalf of themselves and all others similarly-situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>STONEMOR PARTNERS, L.P.,<br><br>        Defendant. | CASE NO. 4:17-cv-01555 |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE OF CLAIMS

This Joint Stipulation of Settlement and Release of Claims ("**Settlement**") in the above-captioned matter is entered into individually and on behalf of Plaintiffs MARLA HOLCOMB-JONES, REBA LACKEY, STEVEN JOEL PARTAIN, SHARON ANN RAWLS, and PAMELA ROBERTS (collectively, the "**Plaintiffs**"), and Defendant STONEMOR PARTNERS L.P. ("**StoneMor**" or "**Defendant**") (the Plaintiffs and Defendant are referred to collectively as the "**Parties**").

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties subject to approval of the Court, that the Settlement of the above-captioned matter shall be effectuated upon and subject to the following terms and conditions.

DM2\9677220.6

FACTUAL BACKGROUND

1.      The Plaintiffs filed their Complaint as a putative collective/class action, Case Number 4:17-cv-01555, in the United States District Court for the Northern District of Alabama (the "**Court**") on September 12, 2017, filed a First Amended Complaint on December 27, 2017, and filed a Second Amended Complaint on March 6, 2018 (the "**Lawsuit**").

2.      The Lawsuit alleges that Defendant failed to pay Plaintiffs and other similarly-situated employees regular and overtime wages earned by them and owed to them in violation of the Fair Labor Standards Act ("FLSA").

3.      By Order dated October 10, 2018, the Court dismissed the Lawsuit with prejudice.  The basis for dismissal was the Plaintiffs' failure to allege factual allegations supporting their purported claims, as set forth in Defendant's motions to dismiss the complaints.

4.      On November 28, 2018, Plaintiffs filed an Appeal to the United States Court of Appeals for the Eleventh Circuit, raising the issue of whether the district court incorrectly applied a heightened pleading standard to their claims asserted under the FLSA.

5.      The Plaintiffs believe they have meritorious claims based on alleged violations of the FLSA.

6.      Defendant specifically and generally denies any and all liability or wrongdoing of any sort arising out of, or related to, any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lawsuit.  Defendant further contends, among other things, that the Plaintiffs at all times were compensated in compliance with federal and state law, and Defendant complied with all applicable laws with respect to the Plaintiffs.

7.      The Plaintiffs are represented by Eric J. Artrip and Teri Ryder Mastando of Mastando & Artrip, LLC ("**Plaintiffs' Counsel**").  Plaintiffs' Counsel conducted an

DM2\9677220.6

investigation into the facts, including interviewing witnesses, obtaining and analyzing data from Defendant relating to potential damages, and reviewing other documents.  Plaintiffs' Counsel has performed extensive research with respect to the applicable law, potential damages and available defenses to the claims asserted in this Lawsuit.  Based on their investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement with Defendant is fair and reasonable and adequate, and in the best interest of the Plaintiffs in light of all known facts and circumstances, including the current procedural posture of the case (i.e. the Court having dismissed the Lawsuit with prejudice), risks of significant delay and defenses asserted by Defendant.

8.     Defendant is represented by Tammy L. Baker and Thomas A. Davis of Jackson Lewis, P.C., and Caroline M. Austin and Christopher D. Durham of Duane Morris LLP ("**Defendant's Counsel**").  Defendant has agreed to settle the Lawsuit on the terms set forth herein but denies any liability.  Defendant has concluded that it is desirable that the Lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth herein in order to limit further expense, inconvenience, and distraction; dispose of burdensome and protracted litigation; and permit the operation of Defendant's business without further expensive litigation and the diversion of their personnel with respect to matters at issue in the Lawsuit.  Defendant also has taken into account the uncertainty and risks inherent in this complex litigation.

9.     After Plaintiffs filed their notice of appeal, the United States Court of Appeals for the Eleventh Circuit directed the Parties to participate in mediation through the Kinnard Mediation Center with Circuit Mediator Clifford Altekruse.  Following extensive pre-mediation preparation and submission of detailed mediation statements, the Parties participated in mediation sessions on February 4, 2019 and February 8, 2019 before Mr. Altekruse.  Following the mediation sessions, the Parties continued arms-length negotiations and settlement discussions

regarding the terms and conditions of settlement. This process resulted in the Settlement described herein.

10.     The Parties believe that the Settlement is fair, reasonable and adequate. The Settlement was arrived at through arm's-length negotiations, taking into account all relevant factors. The Parties recognize the uncertainty, risk, expense and delay attendant to continuing the Lawsuit through appeal and any remand. Accordingly, the Parties desire to fully, finally, and forever settle, compromise and discharge all disputes and claims arising from or relating to the Lawsuit as set forth herein.

SETTLEMENT CONSIDERATION

11.     In consideration for signing this Settlement, and complying with its terms, Defendant agrees to pay Plaintiffs and Plaintiffs' Counsel the total amount of Thirty-Nine Thousand Eight Hundred Seventy Dollars ($39,870.00) (the "**Settlement Payment**"). The Settlement Payment will be apportioned as follows:

a.     Defendant will pay Plaintiffs a total of Seventeen Thousand Three Hundred Seventy Dollars ($17,370.00), split as follows among the Plaintiffs:

i.     Sharon Rawls will receive a total payment of One Thousand Eight Hundred Fifty-Six Dollars ($1,856.00) of which 50% is to be allocated as back wages ($928.00) and 50% is to be allocated as liquidated damages ($928.00);

ii.     Reba Lackey will receive a total payment of Nine Thousand Three Hundred Ninety-Five Dollars ($9,395.00) of which 50% is to be allocated as back wages ($4,697.50) and 50% is to be allocated as liquidated damages ($4,697.50);

iii.     Marla Jones will receive a total payment of One Thousand Seven Hundred Forty Dollars ($1,740.00) of which 50% is to be allocated as back wages

4

($870.00) and 50% is to be allocated as liquidated damages ($870.00);

        iv.      Steven Partain will receive a total payment of Three Thousand One Hundred Thirty-Two Dollars ($3,132.00) of which 50% is to be allocated as back wages ($1,566.00) and 50% is to be allocated as liquidated damages ($1,566.00); and

        v.      Pamela Roberts will receive a total payment of One Thousand Two Hundred Forty-Seven Dollars ($1,247.00) of which 50% is to be allocated as back wages ($623.50) and 50% is to be allocated as liquidated damages ($623.50).

        b.      Fifty percent (50%) of the gross amount of the Settlement Payment to each of the Plaintiffs is allocated to back wages (as indicated above) and shall be reported as wages and subject to applicable federal, state and local taxes.  Defendant will cause an Internal Revenue Service ("IRS") Form W-2 to be issued to each of the Plaintiffs relating to this portion of the Settlement Payment.

        c.      The remaining fifty percent (50%) of the gross amount of the Settlement Payment to each of the Plaintiffs (as indicated above) is allocated to liquidated damages, and shall be reported on an IRS Form 1099, issued to each of the Plaintiffs, as "other income."

        d.      The Parties agree that nothing contained herein is intended to constitute legal advice regarding the taxability of any amount paid hereunder, nor shall it be relied upon as such.  Each of the Plaintiffs will be responsible for obtaining his/her own tax advice with respect to any payments resulting from this Settlement.  Defendant makes no warranty and has provided no advice regarding the tax treatment of the Settlement Payments.  All taxes are the sole responsibility of the Plaintiff receiving the payment, and each Plaintiff must assume any such tax obligations or consequences that may arise from the settlement payment.  Plaintiffs are not entitled to nor shall they seek any indemnification from Defendant or Defendant's Counsel in

this regard.  Plaintiffs agree to indemnify and hold Defendant and Defendant's Counsel harmless from any claims, losses, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, attorneys' fees or recoveries by any governmental entity against Defendant or Defendant's Counsel for any failure by any of the Plaintiffs to pay taxes due and owing, if any, on the Settlement Payment.

       e.      Defendant will pay Plaintiffs' Counsel the amount of attorneys' fees, costs and expenses approved by the Court, up to a maximum of Twenty-Two Thousand Five Hundred Dollars ($22,500.00).

       i.      Plaintiffs and Plaintiffs' Counsel agree that they will accept the amount of attorneys' fees, costs and expenses approved by the Court, even if the amount is less than the maximum agreed-upon amount of $22,500.00.

       ii.      The Parties negotiated the agreed-upon amount of $22,500.00 for attorneys' fees, costs and expenses separately from the amount to be paid to Plaintiffs pursuant to Paragraph 11(a).

       iii.      The effectiveness of this Settlement is not conditioned upon any specific amount of attorneys' fees, costs or expenses being approved by the Court.  The Court's award of an amount other than the maximum agreed-upon amount of $22,500.00 is not a ground to void the Settlement.

       iv.      Defendant shall not be liable to pay Plaintiffs' Counsel any attorneys' fees, costs or expenses in excess of the maximum agreed-upon amount of $22,500.00.

       f.      Defendant will issue the Settlement Payment to Plaintiffs and Plaintiffs' Counsel, apportioned as set forth in this Paragraph 11, within thirty (30) days after the Court

6

approves this Settlement.

12.     Upon approval of this Settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Lawsuit dismissed with prejudice, subject to the terms of Paragraph 14 below.

13.     Plaintiffs understand and agree that they would not receive the Settlement Payment described in Paragraph 11 above, except for the execution of this Settlement and the fulfillment of the promises contained herein.

## RELEASE OF CLAIMS

14.     Subject to approval of the Court, in consideration of the benefits inuring to the Parties hereto, Plaintiffs release and forever discharge Defendant and its present and former parent companies, subsidiaries, divisions, related or affiliated companies (including but not limited to StoneMor Operating LLC and StoneMor GP LLC, which entities were named in the Complaint and First Amended Complaint, and StoneMor Alabama LLC, StoneMor Alabama Subsidiary, Inc., Lakewood Memory Gardens South LLC, Lakewood Memory Gardens South Subsidiary, Inc., StoneMor Georgia LLC, and StoneMor Georgia Subsidiary, Inc.), owners, shareholders, members, officers, directors, employees, consultants, agents, attorneys, insurers, successors and assigns, any individual or entity which could be jointly liable with any of the foregoing, and all other persons acting under the supervision, direction, control or on behalf of any of the foregoing (collectively, the "**Defendant Releasees**") of and from all claims that were alleged or could have been alleged by Plaintiffs in the Lawsuit based on the factual allegations in the Lawsuit, whether known or unknown, through the date of this Settlement, limited to wage and hour claims under federal, state, or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and

collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked.

15.     Subject to the Release described in Paragraph 14 above, nothing in this Settlement shall prevent Plaintiffs from pursing the claims asserted in the Complaint or Amended Complaint filed by Plaintiffs and Elizabeth Waddell in the action captioned as Holcomb-Jones et al. v. StoneMor Partners L.P., Docket Number 31-cv-2018-900567.00, filed in the Circuit Court of Etowah County, Alabama (the "State Court Lawsuit").

16.     Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Defendant, except those in this Lawsuit and the State Court Lawsuit.

## ADDITIONAL TERMS AND CONDITIONS

17.     The Parties agree that neither this Settlement nor the furnishing of consideration for this Settlement shall be deemed or construed at any time for any purpose as an admission by the Defendant or Defendant Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  The Parties hereto have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

18.     Plaintiffs agree that they have no right to employment or reemployment with Defendant or any of the Defendant Releasees.  In the event that any of the Plaintiffs seek employment or re-employment in violation of this provision, Defendant and Defendant Releasees shall not be obligated to employ or reemploy any of the Plaintiffs, and such conduct shall be lawful.  Plaintiffs acknowledge and agree that their willingness to forbear from seeking future employment or work in any other capacity with Defendant or any of the Defendant Releasees is a purely contractual term that Plaintiffs find acceptable based on consultation with their counsel and is in no way an involuntary, discriminatory or retaliatory imposition upon

8

Plaintiffs by Defendant or any of the Defendant Releasees.

19.     Plaintiffs agree not to criticize, denigrate, or disparage, in writing, orally or electronically, Defendant or any of the Defendant Releasees, or their respective products, services and properties.  Plaintiffs and Plaintiffs' Counsel further agree that they will not initiate any publicity, including print, television, and/or internet (including social media), about the Lawsuit or this Settlement.  Plaintiffs and Plaintiffs' Counsel will respond to any media inquiries by stating, "The matter has been resolved to the satisfaction of the Parties."  Nothing in this Paragraph 19 shall prevent Plaintiffs or Plaintiffs' Counsel from pursuing the claims asserted in, or providing truthful testimony in connection with, the State Court Lawsuit.

20.     This Settlement shall be governed and interpreted in accordance with the laws of Alabama.  In the event of a breach of any provision of this Settlement, either party may institute an action specifically to enforce any term or terms of this Settlement and/or seek any damages for breach.

21.     This Settlement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement.

22.     This Settlement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Plaintiffs acknowledge that they have not relied on any representations, promises or agreements of any kind made in connection with their decision to accept this Settlement, except for those expressly set forth in this Settlement.

23.     This Settlement may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be

as legally binding and enforceable as the original.

24.     The Parties understand and agree that neither the fact of this Settlement, nor the terms and conditions of this Settlement, will be used or referenced in the State Court Lawsuit.

25.     This Settlement is subject to approval by the Court.  In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Lawsuit or in the State Court Lawsuit.  In the event the Court does not approve the Settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement.

26.     The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the terms embodied in this Settlement and all orders and judgments entered in connection therewith.

27.     This Settlement shall be binding upon and inure to the benefit of the Parties and the Defendant Releasees. The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged.

28.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his,

10

her or its counsel participated in the drafting of this Settlement.

      29.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision hereof.  Each term of this Settlement is contractual and not merely a recital.

*[signature page follows]*

11

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement to be executed, and this Settlement is AGREED TO.

DATED: 3/6/19

Marla Holcomb-Jones

DATED: 3/6/19
March 6, 2019 RB

Reba Lackey

DATED: 3/6/19

Steven Joel Partain

DATED: 3/6/19

Sharon Ann Rawls

DATED: 03/07/19

Pamela Roberts

DATED: 3/08/2019

Eric Artrip & Teri Ryder Mastando
Attorneys for Plaintiffs

DATED: 3/18/19

Alison A. Chen, Director and Corporate Counsel, on behalf of StoneMor Partners L.P.

12

DMX9677320.6